UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN JAMES BRATTON,<br><br>Plaintiff<br><br>v.<br><br>COUNTY OF RIVERSIDE, et al.,<br><br>Defendants. | Case No. EDCV 18-00044-JVS (GJS)<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

This Report and Recommendation is submitted to United States District Judge James V. Selna, pursuant to 28 U.S.C. § 636 and General Order No. 05-07 of the United States District Court for the Central District of California. Presently before the Court is a motion to dismiss brought by four Defendants. For the reasons discussed below, the Court recommends that the motion be granted and that those Defendants, along with several unserved Defendants, be dismissed from this action.

**BACKGROUND**

On January 9, 2018, Plaintiff filed a civil complaint on a *pro se* basis and sought leave to proceed on an *in forma pauperis* basis. As a result, the Court was required to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (*per curiam*) (noting that the

mandatory screening requirement of this statute is "not limited to prisoners"); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) (Section 1915(e)(2)(B) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim). On February 8, 2018, as recommended by the undersigned, District Judge Selna denied the *in forma pauperis* request and granted Plaintiff leave to amend. On March 6, 2018, Plaintiff filed his First Amended Complaint [Dkt. 7, "FAC"], which is the operative pleading in this case.

On March 21, 2018, the Court granted Plaintiff's *in forma pauperis* request [Dkt. 8]. That grant, however, did not obviate the Court's mandatory statutory duty to screen the FAC. On March 21, 2018, the Court issued a Report and Recommendation – in which it recommended that the official capacity claims alleged in the FAC be dismissed and Plaintiff be allowed to proceed based only upon the individual capacity claims alleged in the FAC – and Plaintiff filed Objections. On April 12, 2018, District Judge Selna accepted the Report and Recommendation and dismissed the official capacity claims alleged in the FAC [Dkt. 13]. The FAC sued only Doe Defendants. Following further proceedings, Plaintiff identified the ten persons he wished to substitute as Defendants in place of the Doe Defendants, and service of process with the assistance of the United States Marshal's Service ("USMS") was ordered. [Dkts. 11, 16-18.]

The USMS was able to serve seven of the ten Defendants with process, but was unable to serve three Defendants alleged to be employed by the California Department of Corrections and Rehabilitation ("CDCR"). [Dkts. 21-23, 27-38.] On August 17, 2018, Defendants Sari Harris and Jeremy Fischer filed an Answer to the FAC. [Dkt. 40.] On August 20, 2018, Defendant Brendan Mills filed an Answer to the FAC. [Dkt. 42.] On September 24, 2018, Defendants A. Gayda, J. Rodriguez, R. Garcia, and A. Hadraki ("Moving Defendants") filed a motion to dismiss the FAC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. [Dkt. 47, "Motion."] On September 24, 2018, the Court issued an Order establishing a

briefing schedule for the Motion, which: required Plaintiff to file his Opposition by no later than October 24, 2018; and cautioned him that the Court "may deem failure to respond to the Motion as consent to granting the Motion under Local Civil Rule 7-12." [Dkt. 48.]

Plaintiff has not filed an opposition to the Motion or sought an extension of time to do so. Under Rule 7-12, he may be deemed to have consented to the relief sought by the Motion, but even without any such deemed consent, the Court concludes that the Motion is meritorious and warrants the dismissal of the Moving Defendants. In addition, the Court finds that the three unserved Defendants should be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## THE FAC ALLEGATIONS

For purposes of the Motion only, the Court has deemed the following relevant allegations of the FAC to be "true":

On October 20, 2015, Plaintiff was arrested and taken into custody by the Riverside County Sheriff's Department ("RCSD") on a charge of felony domestic violence. Plaintiff initially entered a not guilty plea. On June 6, 2016, the case was resolved pursuant to a plea disposition. In exchange for the prosecutor's agreement to dismiss a "strike" allegation, Plaintiff pleaded guilty. Under the plea offer, Plaintiff was to receive a low term of two years, as a non-strike, to be served at the rate of 50% (half-time). (FAC at 2.)

On June 6, 2016, the trial court sentenced Plaintiff to the low term of two years. The trial court granted Plaintiff credit for pre-sentence time served of 230 days, plus another 230 days pursuant to California Penal Code § 4019, for a total of 460 days credit. (FAC at 3.) Plaintiff alleges that, as a result of such credits and pursuant to his plea deal, he "could not lawfully be held in custody beyond June 6,

2016," his sentencing date. (FAC at 3.)[1] Nonetheless, Plaintiff remained in custody and on June 14, 2016, the RCSD delivered Plaintiff into CDCR custody and Plaintiff was housed at Wasco State Prison. (*Id.*) Plaintiff contends that neither the RCSD nor the CDCR had the legal authority to keep him in custody past June 6, 2016, but he remained in custody for four months past his June 6, 2016 sentencing date. (*Id.*)

Based on this alleged overdetention, the FAC alleges a single claim under 42 U.S.C. § 1983 against Doe Defendants 1-10, who are alleged to be sheriff's deputies who work at the RCSD (the "RCSD Defendants") and Doe Defendants 11-20, who are alleged to be correctional officers and officials who work at the CDCR (the "CDCR Defendants").[2] The claim rests on an asserted violation of the Eighth Amendment's prohibition on cruel and unusual punishment. Plaintiff seeks a declaratory judgment, compensatory damages, and punitive damages. (FAC at 6.)

With respect to the RCSD Defendants, the FAC alleges that Plaintiff complained daily to these Defendants that his custody was unauthorized and that he wished to speak to the facility captain. Plaintiff specifically complained that he was being punished, because he had indicated he wished to sue the RCSD based on injuries he sustained when Doe Defendant 1 negligently operated a county vehicle in which Plaintiff was a passenger. The RCSD Defendants disregarded Plaintiff's complaints and threatened to make him "disappear" if he continued "to make noise."

---

[1] Given that a two year sentence equates to 730 days and Plaintiff alleges that he was given credit for a total of 460 days, it is unclear why he believes his sentence had been served in full as of June 6, 2016. While Plaintiff alleges that his sentence was to be served at the rate of 50%, that calculation applied to reduce his time served only after he was committed to state prison and began serving the remainder of his sentence (730 minus 460), which then would have been subject to the 50% rate ordered.

[2] As noted earlier, only ten persons were named in place of the Doe Defendants and authorized to be served with process.

Plaintiff contends that he was detained in custody to hamper his ability to bring a lawsuit against the RCSD based upon the vehicle incident. (FAC at 4.)

With respect to the CDCR Defendants, Plaintiff alleges that on the day he was delivered into the custody of the CDCR, he complained to Doe Defendant 11 (in the presence of Doe Defendant 1)[3] that: his custody time expired on June 6, 2016; and he was being punished, because he wanted to bring a lawsuit against the RCSD. Defendant Doe 11 responded, "that's not my problem, you deal with it." (FAC at 4-5.) On June 30, 2016, Plaintiff appeared before the Institutional Classification Committee, the Chairperson of which was Doe Defendant 12 (the Chief Deputy Warden).[4] Plaintiff complained to Doe Defendant 12 that his custody was illegal and that he was being punished by the RCSD. Doe Defendant 12 ordered custody staff to lock Plaintiff in his cell and to not let him outside unless for medical reasons. (FAC at 5.) At that time, Defendant Doe 12 had before him the CDCR central file for Plaintiff, which would have contained the June 6, 2016 sentencing judgment and its terms. Doe Defendant 12, thus, knew of Plaintiff's sentence and had the authority to remedy the overdetention situation, but deliberately failed to act. (*Id.*) From June 14, 2016, through October 20, 2016, Plaintiff repeatedly complained to "CDCR custody and administrative staff" about his overdetention, but "no member, including housing staff Does 3-8 who Plaintiff saw and complained to on a daily basis,"[5] took any steps to correct the situation. (FAC at 5-6.)

---

[3] In an April 9, 2018 filing [Dkt. 11], Plaintiff identified Doe 1 as "Deputy Felcher," who presumably is Defendant Fischer, who answered the FAC. Plaintiff identified Doe 11 as "P. Sanchez, CCI(A)," who has not been served with process.

[4] This Defendant also has not been served with process.

[5] In his April 9, 2018 filing, Plaintiff identified Defendant A. Gayda as Doe 6, Defendant A. Hadraki as Doe 7, and Defendant R. Garcia as Doe 8. The fourth Moving Defendant – J. Rodriguez – was said to be Doe 10 and, thus, was not a part of the above-quoted allegation.

**STANDARD OF REVIEW**

A defendant is entitled to dismissal under Rule 12(b)(6) when a complaint fails to state a cognizable legal theory or alleges insufficient facts under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Conclusory allegations are insufficient. *Id.* at 678-79. Although a complaint need not set forth detailed factual allegations, "a formulaic recitation of the elements of a cause of action will not do," and the factual allegations of the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In addition to appropriate factual allegations, a complaint must include fair "notice of the claim such that the opposing party may defend himself or herself effectively." *Starr v. Baca*, 652 F.3d 1202, 1212 (9th Cir. 2011).

On review of a Rule 12(b)(6) motion, the Court accepts all facts alleged in a complaint as true and draws all reasonable inferences in favor of the plaintiff. *Gant v. Cnty. of L.A.*, 772 F.3d 608, 614 (9th Cir. 2014). For an allegation to be "entitled to the assumption of truth," however, it must be well-pleaded, that is, it must set forth a non-conclusory factual allegation rather than a legal conclusion. *Iqbal*, 556 U.S. at 679. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation omitted). Nevertheless, courts must "continue to construe *pro se* filings liberally when

1  evaluating them under *Iqbal*, particularly in civil rights cases." *Jackson v. Barnes*,
2  749 F.3d 755, 763-64 (9th Cir. 2014) (internal citation and quotation omitted).
3       If a complaint is to be dismissed, "[u]nder Ninth Circuit case law, district
4  courts are only required to grant leave to amend if a complaint can possibly be
5  saved.  Courts are not required to grant leave to amend if a complaint lacks merit
6  entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see Rosati v.
7  Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss
8  a pro se complaint without leave to amend unless 'it is absolutely clear that the
9  deficiencies of the complaint could not be cured by amendment.'" (internal citations
10 and quotation omitted)).  Leave to amend is not appropriate, even given the liberal
11 pleading standard for *pro se* litigants, when "the pleading 'could not possibly be
12 cured by the allegation of other facts.'" *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th
13 Cir. 2003) (internal quotation omitted).

## DISCUSSION

### I. The Moving Defendants Should Be Dismissed.

Plaintiff's overdetention claim is brought under the Eighth Amendment. *See, e.g., Haygood v. Younger*, 769 F.3d 1350, 1354-58 (9th Cir. 1985) (*en banc*) (indicating that:  when an overdetention situation is the result of deliberate indifference to a prisoner's liberty interest in being free from wrongful incarceration (such as an intentional refusal to investigate an overdetention situation), the claim may be raised under the Eighth Amendment).  To state a viable Eighth Amendment-based Section 1983 claim based on overdetention, a plaintiff must show that a particular custodial official knew of and disregarded a substantial risk that the plaintiff was being incarcerated beyond the lawful termination of his sentence.  *See id.* at 1354-55; *see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (prison official's conduct constitutes "deliberate indifference" when "official acted or failed to act despite his knowledge of a substantial risk of serious harm" to plaintiff).

1   More specifically, three elements must be alleged and shown: "(1) a prison official
2   had knowledge of the prisoner's problem and thus of the risk that unwarranted
3   punishment was being, or would be, inflicted; (2) the official either failed to act or
4   took only ineffectual action under the circumstances, indicating that his response to
5   the problem was a product of deliberate indifference to the prisoner's plight; and (3)
6   a causal connection between the official's response to the problem and the
7   unjustified detention." *Montanez v. Thompson*, 603 F.3d 243, 252 (3d Cir. 2010).

8   The Court carefully and expressly advised Plaintiff of the above-noted pleading
9   requirements for his overdetention claim. [Dkt. 6 at 7-8.] Nonetheless, the sole
10  allegation of the FAC that arguably could be construed to pertain to the Moving
11  Defendants is as follows: "Despite Plaintiff's repeatedly [*sic*] complaints to CDCR
12  custody and administrative staff from June 14, 2016 through October 20 2016, no
13  member including housing staff Does 3-8, who Plaintiff saw and complained to on a
14  daily basis, acted to remedy the infringement on Plaintiff's protection against cruel
15  and unusual punishment." (FAC at 5-6.)

16  The FAC plainly fails to allege any of these elements as to Moving Defendant J.
17  Rodriguez. The FAC does not allege a single fact directly as to Rodriguez, nor does
18  the FAC alleges any facts generally that, construed liberally, allege the requisite
19  deliberate indifference, inaction or ineffectual action, or causation as to this
20  Defendant. Indeed, Plaintiff expressly omitted Rodriguez (Doe 10) from the above-
21  quoted general allegation in the FAC. [Dkt. 11.] Accordingly, the FAC fails to
22  state a claim upon which relief can be granted as to Moving Defendant J. Rodriquez.

23  The FAC fares no better as to Moving Defendants A. Gayda, A. Hadraki, and R.
24  Garcia, even though they are among the "Does 3-8" included within the above-
25  quoted allegation. At most, construed liberally, the FAC intimates that Plaintiff
26  made oral complaints of an unspecified nature to these three Defendants on
27  occasion. The FAC does not allege who Plaintiff spoke to, when, what he said,
28  what they said in response, or what information they possessed, much less whether

8

1    any of these three Defendants were in a position to investigate and act on Plaintiff's
2    "complaints," whatever they might have been.  The FAC does not allege that
3    Plaintiff ever showed any of these three Defendants the June 6, 2016 state court
4    judgment that Plaintiff contends mandated his release from custody as of his
5    sentencing date.[6]  Nor does the FAC allege any other facts that could suffice to serve
6    as a basis for concluding that any of these Defendants acted or failed to act with the
7    requisite deliberate indifference.
8         The same defect as to the Moving Defendants that existed in the original
9    Complaint – and about which Plaintiff was warned [Dkt. 11] – exists in the FAC.
10   The fundamental problem with the FAC as to the Moving Defendants is that it
11   contains only vague, conclusory, and wholly barebones allegations against them *en*
12   *masse*.  This barebones and conclusory allegation, bereft of any actual facts, is
13   inadequate to to state a claim to relief that is plausible on its face, namely, that
14   allows the Court to reasonably infer that the Moving Defendants are liable for
15   Plaintiff's claimed overdetention and raises his right to relief above a speculative
16   level.  *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555.  As Plaintiff previously
17   was advised, the Eighth Amendment inquiry requires "a very individualized
18   approach which accounts for the duties, discretion, and means of each defendant,"
19   and the plaintiff "must establish individual fault" and "set forth specific facts as to
20   each individual defendant's deliberate indifference."  *Leer v. Murphy*, 844 F.2d 628-
21   633-34 (9th Cir. 1988); *see also Haygood*, 769 F.2d at 1354 ("the deliberate
22   indifference standard requires a finding of some degree of individual culpability").
23   The FAC fails to meet this standard as to any of the Moving Defendants and, thus,
24   fails to state a viable theory of deliberate indifference and causation, and a

---

[6]    Significantly, although Plaintiff specifically alleges that one of the Unserved Defendants had access to Plaintiff's central file, which he claims would have contained a copy of the June 6, 2016 sentencing judgment, Plaintiff makes no such allegation against any of the Moving Defendants.

1  cognizable Eighth Amendment claim, against them. The dismissal of these four
2  Defendants, therefore, is required.
3    Plaintiff previously was advised of these same defects when his original
4  Complaint was screened. [Dkt. 11.] He has been unable to correct them.
5  Accordingly, the Court concludes that amendment would be futile and that the four
6  Moving Defendants should be dismissed without leave to amend.

**II. The Unserved Defendants Should Be Dismissed.**

The USMS was unable to serve three of the Defendants – Correctional Sergeant/Lieutenant A. Sanchez, P. Sanchez, CCI, and Chief Deputy Warden(A), Wasco State Prison (collectively, the "Unserved Defendants") – because the CDCR was unable to identify the latter two and could not effect service on the first. [Dkt. 35-38.] The documentation regarding the USMS's inability to serve the Unserved Defendants was served upon Plaintiff on August 2, 2018. [*Id.*]

Rule 4(m) of the Federal Rules of Civil Procedure provides that, if service of the summons and complaint is not made upon a defendant within 90 days of filing the complaint, federal district courts have the authority to *sua sponte* dismiss an action without prejudice, after notice to the plaintiff. *See generally Crowley v. Bannister*, 734 F.3d 967, 975 (9th Cir. 2013) (requiring district courts to give notice to plaintiff before dismissing under Rule 4(m)). If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the Court must extend the time for accomplishing service. Fed. R. Civ. P. 4(m). The burden of establishing good cause is on the plaintiff. *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules." *Hamilton v. Endell*, 981 F.2d 1062, 1065 (9th Cir. 1992). "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987); *see also Ghazali v. Moran*, 46 F.3d 52,

53-54 (9th Cir. 1995) (*per curiam*) (failure of *pro se* litigant to follow procedural rules justified dismissal of civil rights action).

The initial complaint was filed on January 9, 2018, and the FAC was filed on March 6, 2018. Screening proceedings then ensued, which delayed the commencement of the Rule 4(m) period. On May 4, 2018, the Court ordered that service of process could proceed and explicitly cautioned Plaintiff that: the Summons and FAC must be served upon Defendants within 90 days; and if service was not completed within 90 days, the Court may dismiss the action. [Dkt. 17, citing Rule 4(m).]

Starting the 90-day clock from the Court's May 4, 2018 Order, the Rule 4(m) deadline expired on August 2, 2018. Despite the warning of a possible Rule 4(m) dismissal set forth in that Order, Plaintiff has failed to provide the USMS with adequate information for purposes of serving the Unserved Defendants. Even after receiving the August 2, 2018 notice of the USMS's inability to serve the Unserved Defendants with process, Plaintiff did not request an extension of time to provide additional information so as to try again to serve the FAC on the Unserved Defendants. Indeed, Plaintiff has not communicated with the Court since May 2018, even though on June 25, 2018, the Court admonished him about his noncompliance with its May 4, 2018 Order (requiring that he file a Notice of Compliance by June 4, 2018) and again reminded him of the Rule 4(m) deadline and the possibility that dismissal would result from noncompliance. [Dkt. 20.]

Under these circumstances, it appears that Plaintiff has abandoned any desire to serve the Unserved Defendants in this case. Accordingly, the Court recommends that the three Unserved Defendants be dismissed without prejudice under Rule 4(m). This Report and Recommendation provides Plaintiff with the required notice, because he has the right to file objections in response and the opportunity to establish good cause for his failure to effect service of process, if he can.

11

**RECOMMENDATION**

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an Order: (1) accepting this Report and Recommendation; (2) granting the Motion; (3) dismissing the four Moving Defendants (A. Gayda, J. Rodriguez, R. Garcia, and A. Hadraki) without leave to amend; (4) dismissing Unserved Defendants A. Sanchez, P. Sanchez, and Chief Deputy Warden without prejudice, pursuant to Fed. R. Civ. P. 4(m); and (5) directing that the Magistrate Judge then issue an appropriate order as to further proceedings in this case.

DATED: January 7, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the United States Court of Appeals for the Ninth Circuit, but may be subject to the right of any party to file objections as provided in the Local Civil Rules for the United States District Court for the Central District of California and review by the United States District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until the District Court enters judgment.