UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN JAMES BRATTON,<br>Plaintiff,<br>v.<br>COUNTY OF RIVERSIDE, et al.,<br>Defendants. | Case No. 5:18-cv-00044-JVS (GJS)<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On January 9, 2018, Plaintiff filed a civil rights complaint under 42 U.S.C. § 1983 [Dkt. 1, "Complaint"]. Pursuant to the Court's screening obligations under 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), the Court screened the Complaint and, on February 8, 2018, denied Plaintiff leave to proceed without prepayment of the filing fee and granted him leave to amend. Plaintiff filed a First Amended Complaint in this action on November 13, 2018 ["FAC"], and following further screening, on April 21, 2018, the Court dismissed the official capacity claims alleged therein.

Service of process then followed, albeit not fully successfully. Three of the Defendants answered the FAC, four of the Defendants filed a motion to dismiss the FAC ("MTD"), and three of the Defendants remained unserved, even though the Rule 4(m) deadline had passed. Although he was ordered to respond to the MTD

[Dkt. 48], Plaintiff failed to do so. On January 7, 2019, United States Magistrate Judge Gail J. Standish issued a Report and Recommendation in which she recommended that the MTD be granted, that the four moving Defendants be dismissed from this action, and that the three unserved Defendants be dismissed pursuant to Rule 4(m). Plaintiff failed to respond to the Report and Recommendation. On February 8, 2019, the Court accepted the Report and Recommendation and dismissed seven Defendants.

On February 8, 2019, Magistrate Judge Standish issued an Order Setting Scheduling Conference In Civil Rights Case [Dkt. 52, "February 8 Order"]. The February 8 Order required the parties to appear in person at a Scheduling Conference set for April 10, 2019, absent a properly-made and granted request for a telephonic appearance. The February 8 Order also directed the parties to comply with Rule 26(a) of the Federal Rules of Civil Procedure before the Scheduling Conference and to file a Joint Rule 16(b)/26(f) Report by no later than March 31, 2019.

On March 28, 2019, Defendants filed their portion of the ordered Joint Rule 16(b)/26(f) Report [Dkt. 53, "Defendants' Report"]. Defendants' Report explained that they had submitted only their portion of the ordered Joint Report due to the following circumstances: defense counsel spoke with Plaintiff on March 22, 2019, and an in-person meeting was scheduled for March 27, 2019, for purposes of complying with the February 8 Order; Plaintiff, however, did not show up for that scheduled meeting; and Plaintiff did not respond to defense counsel's subsequent attempts to contact him.

The Scheduling Conference set by the February 8 Order proceeded on April 10, 2019, with an appearance by Defendant's counsel. Although Magistrate Judge Standish delayed the commencement of the Scheduling Conference to allow Plaintiff time to appear if he was running late, Plaintiff did not appear; he also did not contact the Courtroom Deputy Clerk at any time, or otherwise communicate

with the Court, to advise that he would not appear at the Scheduling Conference as ordered.

On April 10, 2019, Magistrate Judge issued an Order To Show Cause [Dkt. 54, "OSC"], which recounted the above events. Magistrate Judge Standish noted Plaintiff's violation of the February 8 Order and that, under the circumstances, it was unclear that he intended to prosecute this action. The OSC stated:

> Plaintiff is ORDERED TO SHOW CAUSE why this action should not be dismissed for these reasons pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. If Plaintiff wishes to proceed with this action, then **by no later than May 1, 2019**, Plaintiff shall file and serve a response to this Order to Show Cause that explains and justifies both his failure to participate in the required Joint Report process and to appear at the Scheduling Conference.
>
> **Plaintiff is cautioned that the failure to comply with this Order to Show Cause will be deemed to constitute a concession that he no longer wishes to prosecute this action and a consent to its dismissal, and the Court will recommend that the case be dismissed, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.**

[OSC at 2.]

The May 1, 2019 deadline established by the OSC has come and gone and Plaintiff again has ignored an Order of this Court requiring action by him. Indeed, Plaintiff has not communicated with the Court for over a year, despite multiple instances when his response and participation was required, even when faced with a warning of the consequences of his failure to do so. Given the above-recounted circumstances and the warning given Plaintiff about dismissal if he did not act, the Court assumes that he no longer wishes to pursue this case.

Rule 41(b) of the Federal Rules of Civil Procedure grants federal district courts the authority to *sua sponte* dismiss actions for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). In determining whether dismissal for lack of prosecution is proper, a court must weigh several factors, including: (1) the

public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of cases on their merits. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

In this case, only the fifth factor, the general policy favoring resolution of cases on the merits, arguably could favor retention of this action on the Court's docket. The remaining factors, however, do not.

Plaintiff's noncompliance with the Orders recounted earlier necessarily implicates both the public interest in the expeditious resolution of litigation and the Court's need to manage its docket efficiently, the first and second factors. *See In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227; *see also Yourish v. California Amplifier*, 191 F.3d 983, 990-91 (9th Cir. 1999).

The third factor—possible prejudice to the opposing party—is, at best, neutral to Plaintiff. Based on the allegations of the FAC, the alleged wrongdoing by Defendants took place in June 2016, three years ago. While there is no evidence that Plaintiff's actions have resulted in any actual prejudice to Defendants as yet, "[t]he law … presumes prejudice from unreasonable delay." *In re PPA Prods. Liab. Litig.*, 460 F.3d at 1227. Moreover, Plaintiff's failure to participate in the required Rule 26(a) initial disclosure process not only violates the Federal Rules of Civil Procedure and the February 8 Order but likely will impair Defendants' ability to defend themselves in this action, if it has not already done so.

In addition, the fourth factor favors dismissal. The OSC explicitly admonished Plaintiff that his failure to comply with the OSC would be deemed to constitute a concession that he no longer wished to pursue this action and a consent to its dismissal, and that dismissal of this action was likely to follow. Having been so cautioned, yet having ignored the OSC, it appears that Plaintiff has no interest in pursuing this case. Indeed, he implicitly has conceded that he has no interest in

prosecuting it and has consented to its dismissal. Under these circumstances, dismissal is appropriate.

A balancing of these factors thus leads to the conclusion that dismissal without prejudice, pursuant to Rule 41(b), is warranted. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (dismissal appropriate when strongly supported by three factors); *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (dismissal appropriate when supported by four factors).

Accordingly, for the foregoing reasons, IT IS ORDERED that this case is dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: May 31, 2019   _____
                                         JAMES V. SELNA
                                         UNITED STATES DISTRICT JUDGE

Presented by:

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE